BREAUX, C. J.
The argument of the district attorney and his comments before the jury afford the only grounds of defendants’ complaint and on which they seek to have the verdict annulled.
The indictment charged Frank Cason and Joseph Cason with shooting Eugene Hubbard with a rifle with intent to kill and murder. They were tried and found guilty of shooting with intent to kill. They were' sentenced by the court to imprisonment in the state penitentiary • for a term of three years.
On the trial no bill of exception was reserved, and no ground taken in defense, except the one before mentioned, setting forth that the district attorney in his argument to the jury said that Joe Cason was a “white-winged angel of peace, armed with a Winchester rifle'that goes off accidentally, with which he sent a negro to his grave and riddled Godchaux’s store,”
The contention of defendant is that these assertions were not sustained by the facts, except to a limited extent.
The trial court, in its narrative of the facts (made a part of the bill of exception), said that Joe Cason attempted to'prove that he was acting the part of a peacemaker, and that he was not connected with the shooting; that it was in answer to the argument suggested that the district attorney applied the language before mentioned. Further, the judge states with some particularity that *463 some time prior to the alleged crime Joe Cason carried a Winchester rifle; that it was discharged in Godchaux’s store accidentally, as Cason said; and, further, that the admission of this defendant was, on cross-examination, that he had shot and killed a negro with a Winchester rifle.
The court adds that the district attorney’s argument was not an undue deduction from the facts stated in the bill of exception, and that the language used was not prejudicial.
The following is the language used by the district attorney to which a bill of exception has been taken:
'“Joe Cason, that white-winged angel of peace, always armed with a Winchester rifle that goes off accidentally, the same rifle' that sent one negro to his grave and riddled Godchaux’s store.”
The “white-winged angel of peace” is not in itself an abusive expression. It covers an irony suggested by the word, “peacemaker.” In any event the comment was not sufficient to set aside the verdict. It was the misfortune of defendant that the words used do not suit the role of peacemaker which he had assumed before the jury.
The ball fatal to human life and those in tjie ceiling and floor of a store would be taken as affording ground for setting aside the verdiet, were it not that the evidence of these serious incidents found their way before the court and were admitted in evidence without the least objection. They were not only admitted in evidence, but they were voluntarily admitted by defendant as true.
It had all gone to the jury. The objection to the. allusion made by the district attorney to this evident fact affords no ground for holding that this testimony should not have been admitted.
Under no rule of jurisprudence would we be justified in recalling and setting aside testimony admitted as having been improperly admitted, in order to decide that the district attorney should not have made mention of it.
We are informed by the per curiam of the court that, “when defendants’ counsel objected to the argument of the district attorney, the court instructed the jury that it was for them to decide what facts had been proven.” Furthermore, the court states that “the words objected to did not influence the jury.”
It must be taken that the court and the jury knew the facts that had been proven, and that when the court was called upon to stop the district attorney, because he was wandering out of the record, the court knew that the objection was not well founded.
While the court makes the statement above as we have just stated, the court particularizes every utterance of the district attorney as sustained by the facts admitted in evidence.
The reasons are given by the trial judge why the district attorney was not traveling out of the record in referring to the defendant Joe Gasón.
The bill of exception does not set out in what respect the allusion of the district attorney is not sustained by the facts. Without objection on the part of the defendant, the judge, in the narrative of the bill, stated that they were sustained by the facts, and sustains his averment by a recital of the facts showing that the district attorney was not out of the record in the argument.
Touching the admission of one of the defendants that he had killed a negro with a rifle, to which we have before referred, the contention of defendant is that it falls within the terms of Act No. 29, p. 39, of 1886, which act to some extent protects the accused who testifies. We do not find it possible to agree with that view. The fact that defendant had chosen to testify in his own behalf was not used as an argument against him, in so far as the record discloses; and this is the extent of the protection under the cited act.
There is nothing in the act which for *464 bids reference to testimony of the accused. A legitimate analysis of his evidence to show what bearing it may or may not have upon the issues is unobjectionable.
“The evidence of an accused who testifies in his own behalf shall be weighed and considered according to the general rules of evidence.” Act No. 29, p. 39, § 2, of 1886. This phrasing does not exclude legitimate criticism of the testimony of an accused.
We agree with the learned counsel for the defendant touching the decisions which he cites that “it is error for the district attorney to state in his argument to the jury that defendant had committed other crimes in foreign countries,” and we agree that the admonition of the trial judge to the jury “to disregard such statement does not do away with the effect”; and we further agree with the decisions of other jurisdictions cited in support of that view. We also agree with the statement of defendant that it is the duty of the court to protect the prisoner from unreasonable and unfair statements in argument. This is all true, and should be controlling when the statement is unevidenced by facts admitted in testimony. It should be borne in mind in the pending case that without objection the trial judge stated that the facts were evidence to which the i i district attorney alluded. “It is only when the statement is of a substantive outside fact stated as a fact which manifestly bears on a material inquiry that the court can interfere and arrest discussion.” (Italics ours.) Wigmore on Evidence, vol. 3, 1807.
The following are excerpts from Wig-more, p. 1807:
“We do not regard such a statement as of such importance to warrant a reversal. Courts ought not to reverse cases because counsel in the heat of argument sometimes make extravagant statements.
“Common fairness requires that courts should ascribe to jurors ordinary intelligence, and noc disregard their verdicts because counsel during the argument may have made some general statement not supported by evidence.”
Something must be left to the sense of justice of the prosecuting officer, as well as to the discretion of the trial judge.
In the absence of an error shown in the manner required, nothing is left to us to do except to affirm what has' been done.
The case of these defendants has been carefully considered, and while there are features of the case which at first arrest attention, upon closer examination the court has npt found upon what ground shown by the record it is possible to grant them relief.
The judgment appeale'd from is therefore affirmed.