{45 So. 2

## STATE v. WOODS et al.

No. 32086.

Nov. 28, 1932.

Charles A. Holcombe, of Baton Rouge, for appellant Joseph Woods.

R. F. Walker, of Baton Rouge, for appellant Arthur Smith.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., John Fred Odom, Dist. Atty., and Fred S. Le Blanc, Asst. Dist. Atty., both of Baton Rouge (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

BRUNOT, J.

Joseph Woods and Arthur Smith, together with another party who was not tried, were

indicted for the murder of Isaac Graham. They were formally arraigned, all legal requirements were complied with, Woods and Smith were tried, found guilty of manslaughter, each was sentenced to a term of imprisonment in the Louisiana state penitentiary for not less than 12 nor more than 18 years, and both appealed. Both reserved two bills of exception, but Arthur Smith relies upon bill No. 1 for a reversal of the verdict and Joe Woods relies upon bill No. 2.

It appears that the trial judge's per curiams to these bills were filed in the record after the defendants had obtained an order of appeal from the verdict and sentence, and, therefore, the per curiams to these bills cannot be considered because they were filed in the record after the trial court had lost jurisdiction of the case.

Bill No. 1 was reserved to the following remark of the district attorney in his argument to the jury: "We find him operating a dead-fall down on the outskirts of the City of Baton Rouge, that Sodom and Gomorrah below the City of Baton Rouge, that is the stench of Baton Rouge and where four-fifths of the bad negroes come from."

This remark was objected to by counsel for one of the defendants and the court was requested to instruct the jury to disregard it. The court gave the following instruction to the jury:

"The jury is to understand that any fact not proved in this case, is out of the record, and the jury is the sole judge of what has been proved, and what has not, and you are to disregard facts not proved."

The record, without considering the judge's per curiam to the bill, abundantly shows that

Arthur Smith attempted to prove his good character and the rebutting proof warranted the remark of the district attorney. There is attached to this bill the entire argument of the district attorney, and in that argument the district attorney comments on all of the facts proven, including the testimony as to defendant Smith's character. Under the circumstances, we think the judge's instruction to the jury was fair, and all that the law requires.

Bill No. 2, upon which defendant Woods relies, was reserved to the following remark of the district attorney in his argument to the jury, viz.:

"Now we will take Woods' good character. All of you saw the people who were summoned here to prove his good character; all of you saw Doc Fenton and the rest of them and not a one of them took the witness stand."

The record discloses that the witnesses referred to by the district attorney were in court; that counsel for the defendant announced, in open court and in the presence of the jury, that they were summoned as character witnesses, and, with the consent of the district attorney, had them excluded from the order of court directing a severance of the witnesses, and it does not appear that any one of said witnesses was called to testify in the case. The comment of the district attorney was upon a fact made known to the jury in open court. But notwithstanding this fact, the court, in an abundance of precaution, instructed the jury as follows:

"The jury is instructed to disregard any remarks of the District Attorney as facts that are not proved by any witness who took the stand."

It is to be noted in this case that there was no objection to the judge's general charge to the jury and no request for a special charge, hence the court must have charged all of the law of the case. In the case of State v. Cason, 115 La. 897, 40 So. 303, this court said:

"The argument [of the District Attorney] must be based solely upon facts proven on the trial, or of facts of which no evidence need ever be introduced."

In this case it was not necessary to introduce evidence that certain witnesses had been summoned to testify to the good character of Joseph Woods; that these witnesses had been permitted to remain in the court room; and that not one of them had testified in the case. These were facts developed in open court, in the presence of the jury, and were equally well known to the court, counsel, and jury.

We find no merit in either bill, and the verdict and sentence are therefore affirmed.

O'NIELL, C. J., concurs, but as to bill No. 2, concurs on the ground that no complaint was made of the judge's instructions to the jury.