35 So.2d 747

## STATE v. CARTER.

### No. 38856.

April 26, 1948.

Rehearing Denied June 1, 1948.

Philo Coco, of Marksville, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Earl Edwards, Dist. Atty., of Marksville, for plaintiff-appellee.

HAMITER, Justice.

The defendant, Calvin Wilson Carter, was tried under a bill of information charging the offense of carnal knowledge of a juvenile, she being thirteen years of age and he being above the age of eighteen years. During the course of the proceedings, over defendant's objection, the court instructed the jury that if it found that defendant did not commit carnal knowledge of the prosecutrix it could find, if warranted by the evidence, that he attempted to commit that crime. The verdict rendered was: "We the jury find the accused guilty of attempt to commit carnal knowledge of a juvenile."

Following the denying of motions for a new trial and in arrest of judgment; the court sentenced the defendant to serve eighteen months in the State Penitentiary. He is appealing from the conviction and sentence.

Defendant's three bills of exceptions, reserved respectively to the overruling of

his objection to the mentioned instruction and to the denying of his motions for a new trial and in arrest of judgment, present for our consideration the single question of whether the judge correctly instructed the jury that a verdict of guilty of attempt to commit carnal knowledge of a juvenile would be responsive to the offense charged.

"Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment * * *." Article 386, Louisiana Code of Criminal Procedure. "The verdict must be responsive to the indictment, that is to say, no one can be found guilty of an offense not charged in the indictment or not necessarily included in the offense charged * * *." Article 405, Louisiana Code of Criminal Procedure. "When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor." Article 406, Louisiana Code of Criminal Procedure. "An offender who commits an offense which includes all of the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses." Article

5 of the Louisiana Criminal Code (Act 43 of 1942).

From these legal principles it must be concluded that the judge's instruction to the jury, of which complaint is here made, was proper provided that the crime of carnal knowledge of a juvenile necessarily includes all of the elements of the offense of attempting to commit carnal knowledge of a juvenile.

Carnal knowledge of a juvenile is committed when any one over the age of seventeen has sexual intercourse, with her consent, with any unmarried female person of the age of twelve years or over, but under the age of seventeen years. Article 80, Louisiana Criminal Code.

Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended. The attempt is a separate but lesser grade of the intended crime. Mere preparation to commit a crime, however, is not sufficient to constitute an attempt. Article 27, Louisiana Criminal Code. Thus, the essential elements of an attempt (the lesser offense) are an actual specific intent to commit the particular crime (greater or basic offense) and an overt act (not a mere preparation) directed toward that end.

█ Both of these elements are necessarily contained in the crime (charged to

defendant) of carnal knowledge of a juvenile, as its definition above given will disclose; hence, we hold that the offense of attempting to commit carnal knowledge of a juvenile is responsive to such basic crime and that the trial judge acted correctly in so instructing the jury.

 Defense counsel argues in this court that in as much as the basic offense presupposes the consent and willingness of both the male and female whatever the accused might have done previous to an actual commission of sexual intercourse amounted at most to a mere preparation which is not sufficient to constitute an attempt. The matter of consent or willingness of the accused and the prosecutrix, which is an element common to both the greater and lesser offenses under consideration herein, is important to the extent that it serves to distinguish between the crimes of carnal knowledge and rape. See Article 41, Louisiana Criminal Code. Whether the liberties taken by the accused with the prosecutrix amounted to a mere preparation or constituted an overt act directed toward the accomplishment of the basic offense was a question for determination by the jury.

 Further, defense counsel argues: "Any conduct on the part of defendant and the prosecutrix which could be considered as approaching or preparing for the crime of carnal knowledge is specifically covered by the Criminal Code under Article 740-81 * * *." This article, which denounces

and defines indecent behavior with juveniles, may be applicable to certain conduct of the kind mentioned. But we do not understand it to exclude from the Louisiana Criminal Code the denounced attempt to commit carnal knowledge of a juvenile. It does not so provide.

For the reasons assigned the conviction and sentence are affirmed.

O'NIELL, C. J., does not take part.