HAWTHORNE, Justice.
 

 The appellant, Rosemary Latiolais, charged with the crime of perjury denounced by Article 123 of the Criminal Code, R.S. 14:123, was tried, found guilty by the jury of attempted perjury, and sentenced by the court to serve 18 months in the penitentiary. From this conviction and sentence she has appealed. For reversal of the conviction appellant relies exclusively on an assignment of errors in which she contends that there is no such crime as attempted perjury and that the verdict of attempted perjury returned by the jury was not responsive to the indictment for perjury.
 

 According to Article 27 of the Criminal Code, R.S. 14:27, any person who, “having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose”. Under the provisions of this article “An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt”. Article 406 of the Code of Criminal Procedure, R.S. 15:406, provides that, “When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor”. Thus under Article 27 an attempt is a separate but lesser grade of the intended crime, and consequently under Article 406 a verdict of guilty of the lesser
 
 *881
 
 crime, the attempt, would be responsive to the indictment for the basic crime. In State v. Carter, 213 La. 829, 35 So.2d 747, 748, this court pointed out that under Article 27 “ * * * the essential elements of an attempt (the lesser offense) are an actual specific intent to commit the particular crime (greater or basic offense) and an overt act (not a mere preparation) directed toward that end”.
 

 Appellant argues that the language of Article 27 is so broad and general that it would indicate that there can be an attempt to commit any crime denounced by the Criminal Code, but that such is not the case. She points out that Article 27, the attempt article, can have no application to several crimes, such as assault, which by their nature preclude the possibility of an attempt, and that as to those crimes a verdict of attempt would not be responsive.
 

 In support of her contention that perjury is that type of crime, appellant argues that, when an accused has a specific intent to commit perjury, any overt act done in furtherance of such intent would necessarily result in the completed offense, and that consequently there is no such crime as attempted perjury. In other words, it is her argument that the specific intent plus the making of the false statement will result in every case in the completed offense of perjury.
 

 Perjury is defined in Article 123 of the Criminal Code as “the intentional making of a false written or oral statement in, or for use in, a judicial proceeding, or any proceeding before a board or official, wherein such board or official is authorized to take testimony. In order to constitute perjury the false statement must be made under sanction of an oath or an equivalent affirmation, and must relate to matter material to the issue or question in controversy”.
 

 Under this definition, to constitute perjury there must be, of course, a specific intent to make a false statement under oath or an equivalent affirmation, and the false statement must be made. But, if the board or official for some reason was not legally authorized to take testimony, or if the one administering the oath was not authorized or qualified to administer it, there would in law be no offense of perjury but only an attempted offense, because completion of the crime of perjury would be frustrated by extraneous circumstances. This example is not intended to indicate the only manner in which attempted perjury could be committed, but is given only to demonstrate the fallacy of appellant’s argument that the specific intent plus the making of the false statement will result in every case in the completed offense of perjury.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 FOURNET, C. J., absent.