(41 South. 647.)

No. 16,179.

STATE v. RUFFIN.

(June 18, 1906. Rehearing Denied June 28, 1906.)

1. CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS.

    The judge is without authority to sign bills of exception after the appeal has been lodged in the Supreme Court.

2. SAME—FORMER JEOPARDY.

    The filing of an information for manslaughter does not preclude a subsequent indictment for murder. Until jeopardy has begun, the prosecution is at liberty to nolle prosequi and begin over again, and the pendency of an indictment or information does not constitute jeopardy.

    [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 326–329.]

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; William Pierrepont Edwards, Judge.

Sylvester Ruffin was convicted of manslaughter, and appeals. Affirmed.

William Benjamin White and Felix J. Samson, for appellant. Walter Guion, Atty. Gen., and John Nugier, Jr., Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. Defendant was tried for murder, and found guilty of manslaughter. His complaints are, first, that the indictment against him for murder was found after an information had been filed against him for manslaughter on the same facts, and nolle prosequied; second, that a certain newspaper containing the syllabi of the decisions handed down by this court on one of its decision days, and also one of the pamphlet numbers of the Southern Reporter were suffered to remain in the room in which the petit jury held its deliberations; third, that instead of being served with their meals in the courthouse, the jury were taken to a restaurant separated from a coffee house only by a thin partition, and were served by the waiters of the restaurant, instead of by the sheriff or his deputies, and were communicated with by said waiters; fourth, that the jury were brought into the court and admonished by the judge that the court had been during the entire forenoon, investigating their conduct.

All the questions here raised depend upon facts, save one. That one is as to the substitution of an indictment for murder to the information for manslaughter. There is nothing to it. It is well settled that until jeopardy has begun the district attorney may at any time nolle prosequi the information or indictment, and begin over again. State v. Hornsby, 8 Rob. 589, 41 Am. Dec. 314. And it is elementary that the pendency of an indictment or information does not constitute jeopardy.

The other questions depend upon facts, which could have been brought up only by bill of exception, and the record does not contain any. The judge refused to sign the bills of defendant on the ground that they were not presented to him until after the appeal had been lodged in this court, when, as decided in the case of State v. Hauser, 112 La. 313, 36 South. 396, he no longer had authority to sign them. Our learned brother says that this was "one" of his reasons for refusing to sign the bills. That one being entirely sufficient, we cannot but admire the fine sense of the value of time which prompted him to forego the "19" others.

Judgment affirmed.

BREAUX, C. J. I concur in the decree.