ROGERS, J.
 

 The defendant indicted for assault with intent to. rape was found guilty and duly sentenced. He applied for and was granted an appeal to this court, returnable on or before November 15, 1928, and his counsel was given until October 23, 1928, to present and file bills of exception reserved in the case. The four bills of exception appearing in the record were signed by the trial judge
 
 *799
 
 and filed in the office of the clerk of court on October 25, 1928. Counsel for the state object to the consideration of the bills and have moved for the dismissal of the appeal on the ground that they were signed subsequent to the order of appeal and when the trial judge had lost his jurisdiction. Crim. Code, arts. 542, 543, and 545, are cited in support of the motion. The first two articles provide, in effect, that an appeal in a criminal case shall be applied for by motion, either verbally or in writing, in open court, within ten judicial days after rendition of the judgment complained of, upon which application the judge shall grant an order of appeal, fixing therein the return day. Article 545 provides as follows, viz.:
 

 “After an appeal has been granted no further action in the case can be taken by the trial judge; provided, that as to matters ministerial or not in controversy on appeal, the trial court may render interlocutory orders and definitive judgments.”
 

 The law concerning the effect of the order granting the appeal as formulated in the codal articles is no different, however, from the law existing under our jurisprudence pri- or to the adoption of the Criminal Code. Thus in State v. Young, 153 La. 605, 96 So. 275, the court said, at page 614 (96 So. 278) of the opinion:
 

 “It is unquestionably true that the granting of the appeal divests the trial court of jurisdiction, in so far as the performance of any act requiring the exercise of judicial discretion or judgment is concerned; but as to ministerial duties, which are necessary to have the record show what took place, we think it has the power, within reasonable bounds before granting such appeal, to reserve the right to do whatever is necessary to accomplish that result. * * *
 

 “The judge c'annot be compelled, of course, to sign a bill reciting facts, which, according-to his recollection did not happen, but he must, where the bill is reserved and timely presented, at least state what his conception of the matter is. Where time is requested before appeal, the judge is called upon to exercise a sound discretion, and may refuse or grant it within reasonable limits, not to exceed the completion and filing of the transcript within the return day, provided he acts before losing jurisdiction. When this has been done, nothing remains but to execute the order or duty which he has imposed upon himself while the case was still in his hands. If the accused obtains an appeal before the bills are signed, or without being given time within which to present them, the necessary consequence is that he waives or abandons them, and the case comes up on such other matters as may properly appear in the record.”
 

 The foregoing ruling was cited with approval in State v. Cole, 161 La. 827, 109 So. 505.
 

 The record shows that, simultaneously with the oral motion for an appeal, a delay, well within the limit of the return day, was granted counsel for defendant within which to present and file bills of exception. This order was issued, therefore, before the trial judge had lost jurisdiction of the case, and was within his discretion. But the bills of exception were not presented and filed until two days after the expiration, of the limit designated in the original .order. This was too late. The necessary consequence is the consideration of the appeal on such other matters as may properly appear in the record — not its dismissal. An examination of the record itself fails to disclose any ground for disturbing the verdict and sentence.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.