188 So. 155

### STATE v. CARLSON.

No. 35244.

April 3, 1939.

Preston L. Savoy, of Lake Charles, and Lottinger & O'Neal, of Houma, for appellant.

David M. Ellison, Atty. Gen., James O'Connor, Asst. Atty. Gen., and C. V. Pattison, Dist. Atty., and Coleman D. Reed and John H. Martin, Asst. Dist. Attys., all of Lake Charles, for the State.

PONDER, Justice.

The defendant, E. A. Carlson, was convicted of the crime of grand larceny.

The defendant's counsel filed a motion for a new trial which was overruled by the lower court. From the extracts of the minutes of the lower court in this case it appears that the defendant's counsel excepted to the overruling of the motion for a new trial and reserved a bill. The defendant's counsel did not prepare a formal bill of exception and present it to the lower court for its signature and per curiam. The defendant was sentenced to the penitentiary to serve a term of not less than one, nor more than three years. The defendant's counsel appealed. Bills of exceptions must be prepared and presented to the trial court for its signature and per curiam before an appeal is taken. Articles 542 and 543, Code of Criminal Procedure; State v. Barrett, 137 La. 535, 68 So. 945; State v. Snowden, 174 La. 156, 140 So. 9.

The defendant's counsel contends that there was no evidence on which the lower court could sustain a verdict of guilty. We find testimony copied in the record but it cannot be considered by this court because it is not annexed to and made a part of a formal bill of exception. State v. Simmons, 118 La. 22, 42 So. 582.

There being no formal bill of exception prepared and presented to the trial court for its signature and per curiam, no assignment of error, and no error on the face of the record the conviction and sentence must be affirmed. State v. Festervand, 189 La. 226, 179 So. 297.

For the reasons assigned the conviction and sentence are affirmed.

HIGGINS, J., absent.