24 So.2d 467

**STATE v. CALVIN.**

**No. 38025.**

Dec. 10, 1945.

Robert E. Baird, of Reserve, for defendant and appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., and Frank H. Langridge, Asst. Dist. Atty., both of Gretna, for appellee.

KENNON, Justice.

In this case, an affidavit was filed on June 7, 1945, charging that Carey Lee Calvin " * * * did unlawfully and wrongfully hit and *bit* one Andrew DeCarlo. Said Carey Lee Calvin (did) willfully disturb the peace in said Andrew DeCarlo business place contrary, etc. * * *" (Italics and parenthesis ours.)

On July 9, 1945, in a bill of information, the defendant was charged with having " * * * on or about the Seventh (7th) day of June in the year of our Lord One Thousand Nine Hundred and Forty-five (1945) with force and arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, then and there being committed a battery upon one Andrew DeCarlo with a dangerous weapon,

"Count 2: And the District Attorney further gives the Court to be informed and to understand that the said Carey Lee Calvin did then and there disturb the peace, contrary * * *."

The minutes of the court state that the Assistant District Attorney "Prior to argument * * * moved to abandon the charge of Disturbing the Peace and proceeded with argument on the charge of Aggravated Battery. * * *"

The minutes further recite that: "The jury then retired to their room, to deliberate upon this case, said Jury returned to the Court Room, with the following verdict 'Guilty as charged.' July 24, 1945. (Signed) N. E. Keller, Foreman."

A photostat of the bill of information in the record shows the verdict as follows:

"July 24 45
"Jilty as chage
"N. E. Keller
"Jorman."

The defendant's counsel filed, on July 27, 1945, a motion to set aside the verdict

rendered by the jury as being unresponsive, illegible, unreadable, improperly dated, and not indicative of "which of the several charges the defendant was found guilty on"; and prayed for a suspension of judgment and, in the alternative, for a new trial. There is no notation in the record of any action on this motion prior to the imposition of a sentence for seven years at hard labor in the State Penitentiary, given by the court on August 1, 1945. On the same day a motion for appeal to the Supreme Court was requested by the defendant and granted by the court.

The one bill of exception in the record is to the judge's refusal to set aside the verdict and grant a new trial. It is unsigned and the judge of the district court gives as his reasons for refusing to sign the same that it was presented to the court for signature on Tuesday, August 7, 1945, six days after sentence was imposed and the motion for a suspensive appeal was granted and, therefore, came too late.

▮▮▮▮ The district judge properly refused to sign the belated bill of exception and we cannot consider this exception, although in the record, in view of Article 545 of the Louisiana Code of Criminal Law and Procedure, and the settled jurisprudence of this State. State v. Young, 153 La. 605, 96 So. 275; State v. Smith, 156 La. 685, 101 So. 22; State v. Early, 183 La. 664, 164 So. 620; State v. Goury, 184 La. 955, 168 So. 113; State v. Cooley, 185 La. 1032, 171 So. 435; State v. Carlson, 192 La. 501, 188 So. 155; State v. Odom, 192 La. 257, 187 So. 659; State v. Festervand,

189 La. 226, 179 So. 297; State v. Childers, 196 La. 554, 199 So. 640.

▮▮▮▮ Although we find no proper bill of exception for consideration by this Court, an examination of the record discloses errors patent on the face thereof which are fatal to a valid verdict and sentence.

There were two counts in the bill of information and the minutes show that the defendant was arraigned and that the trial progressed to the conclusion of the evidence on both counts, one for disturbing the peace and one for aggravated battery. The minutes show that, after the evidence was in and "prior to argument" the district attorney moved to abandon the charge of disturbing the peace and that the court instructed the jury to disregard that charge.

▮▮▮▮ Article 103 of the Louisiana Criminal Code, Act No. 43 of 1942, defines the crime of "Disturbing the Peace" and provides punishment by fine of not more than $100 and imprisonment of not more than 90 days, or both. Such a case is necessarily triable by the judge alone and, under no circumstances is a trial by jury proper. Had this count gone to the jury and a verdict of disturbing the peace been rendered, it would have been an absolute nullity. The effect of including this additional count in the bill of information against the defendant and the introduction of evidence under it, permitted proof to be made to the jury of the commission, by the defendant, of a crime other than that for which she was convicted. This Court has

uniformly held that this is prejudicial error.

In State v. Bates, 46 La.Ann. 849, 15 So. 204, 205, Chief Justice Nicholls, as the organ of the Court, annulled the verdict of the jury and remanded the case for a new trial, stating:

"The general rule is that, when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and that other offenses committed by him are wholly excluded; therefore, the introduction of collateral evidence of extraneous crimes to show intent, motive, guilty knowledge, are exceptions to this general rule; and, in order that this evidence be admissible at all, it must bear directly and materially upon, and have some connection with, the issue before the jury. People v. Sharp, 107 N.Y. 427, 14 N.E. 319 [1 Am.St.Rep. 851]; Hudson v. State, 3 Cold. (Tenn) 355; English v. State [29 Tex.App. 174], 15 S.W. 649; Commonwealth v. Jackson, 132 Mass. 16, and authorities cited therein."

In the instant case, the evidence of the other crime was not offered for the purpose of showing guilt of the aggravated battery count and there can be no contention that the proof of the different crimes bore directly and materially upon or had some connection with the issue before the jury.

The above case quotes Rice on Evidence, Vol. 3, Chap. 25, Sec. 157, as follows:

" 'It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another.' And in section 153 he says: 'The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of another and extraneous crime is calculated to take the defendant by surprise, and to do him manifest injustice by creating a prejudice against his general character. * * * It would lead to his conviction, upon the particular charge made, by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one.' "

It is, therefore, fatal error for the State to have included in the bill of information upon which the defendant was tried before the jury the additional count for a different offense and to permit evidence of the defendant's guilt of that offense to be presented to the jury, which had no jurisdiction to find a verdict thereon, and the jurors' minds would logically be prejudiced against the defendant by this proof of another crime.

Although the Court cannot consider the bill of exception filed by the defendant to the overruling of the motion in arrest of judgment and for setting aside the verdict of the jury, we believe it would serve the ends of justice, since the case must be remanded for a new trial, to comment upon the charge of the judge to the jury, as given in his per curiam to the belated bill.

In that per curiam, the district judge stated:

"The accused in the above numbered and entitled cause was charged with Aggravated Battery, and, as will be seen by the Information filed by the District Attorney, no weapon was named or mentioned therein, but during the course of the taking of testimony it developed that the accused during a scuffle with the prosecuting witness bit him on his left side. And when counsel for the accused in his argument pointed out that no dangerous weapon or any kind of weapon was used to inflict the injuries on the prosecuting witness the Court charged the jury that, *in view of the fact that the Supreme Court of the State of Louisiana held that a person's bare fist could be classed and used as a dangerous weapon,* that a person's teeth could be classed as a dangerous weapon." (Italics ours.)

Article 34 of the Criminal Code reads, as follows:

"Aggravated Battery is a battery committed with a dangerous weapon."

We know of no authority of law, or decision of this Court—nor has any been cited by the State—which classes one's bare hands or teeth as a dangerous weapon.

Under definitions, Article 2 of the Criminal Code, we find:

" 'Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."

It is true that portions of the human anatomy may be dangerous and the bare hands of a merciless assailant may quite readily "produce death or great bodily harm," particularly if the victim be young or weak, but the fact remains that there must be proof of the use of some inanimate instrumentality before a defendant can be held guilty of assault "with a dangerous weapon."

For the reasons assigned, it is ordered, adjudged and decreed that the verdict of the jury and the sentence of the court be annulled and set aside, and the case is remanded to the district court for a new trial.