FOURNET, Justice.
 

 The defendant, Edward Brown, prosecutes this appeal from his conviction on an indictment charging him with the murder of Milton Hayes and his death sentence thereunder, presenting for our consideration nine bills of exceptions, none of which were reserved until after the evidence had been adduced.
 

 The first bill is levelled at a statement made by the district attorney during the course of his argument to the jury, the second and third at the refusal of the trial judge to charge the jury that a verdict of attempted murder and' of attempted manslaughter are responsive verdicts under a charge of murder and to instruct them on the law with respect to these offenses. The fourth, fifth, sixth, and seventh bills were reserved in connection with the defendant’s motion for a new trial while Bill of Exceptions No. 8 was reserved when the trial judge overruled that motion and Bill of Exceptions No. 9 was reserved when he overruled the motion in arrest of judgment.
 

 It is the contention of the defendant that we should disregard the per curiams of the trial judge to these several bills of exceptions for the reason that they were not filed by him until two months and nine days after he had granted the defendant a suspensive appeal, despite the fact that the bills were timely filed and tendered to him for action and he failed to reserve to himself the right to prepare the per curiams at the time he granted the appeal, citing in support of such contention the cases of State v. Hauser, 112 La. 313, 36 So. 396; State v. Ruffin, 117 La. 357, 41 So. 647; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Barrett, 137 La. 535, 68 So. 945; State v. Young, 153 La. 605, 96 So. 275; State v. Cole, 161 La. 827, 109 So. 505; State v. Allen, 167 La. 798, 120 So. 372; State v. Woods, 175 La. 1045, 145 So. 2; State v. Mistich, 186 La. 174, 171 So. 841; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; and State v. Borde, 209 La. 905, 25 So.2d 736.
 

 With the exception of the Woods, Mistich, and Borde cases — holding, respectively, that a per curiam filed after appeal has been granted will not be considered, that the right to appeal is extended after the expiration of the tenth judicial day an additional day for each day the trial judge fails to act upon the bills of exceptions, and that a per curiam may not be supplemented by the trial judge after the case has been submitted to this court on appeal — the authorities cited by counsel for the defendant are authority for the proposition
 
 that
 
 after an appeal has been granted the trial court is divested of jurisdiction and bills filed thereafter and presented for the judge’s signature and per curiam come too late and cannot be considered on appeal unless, prior
 
 *23
 
 to the granting of the appeal, the trial judge has allowed the defendant additional time within which to perfect such bills and they have been perfected within this extended period.
 

 The state, although apparently conceding that these cases are controlling, argues “that if the law on the subject and the decisions are re-examined and re-considered, the holdings of these cases should be overruled.”
 

 This court in construing Article 545 of the Code of Criminal Procedure, declaring that “After an appeal has been granted no further action in the case can be taken by the trial judge; provided, that as to matters of ministerial or not in controversy on appeal, the trial court may render interlocutory orders and definitive judgments,” has consistently done so in the light of the prior jurisprudence.
 

 The suggestion of counsel for the state that both from a legal and a practical standpoint the trial judge should be permitted to write and file his per curiams to these bills at any time up to the lodging of the transcript in the Supreme Court is a matter that is beyond the province of the court and one that addresses itself to the legislature, for the code, in unmistakable terms, declares that after the appeal has been granted the trial judge is powerless to take' any further action with respect to the case. The only exception is that he may render interlocutory orders and definitive judgments as to matters that are ministerial or are not in controversy on appeal. A per curiam is neither an interlocutory order nor a definitive judgment. Accordingly, in passing on the bills of exceptions, we will not consider the per curiams to them filed by the trial judge.
 

 There is no merit to the first bill of exceptions, reserved when the defendant’s counsel objected to the assistant district attorney’s argument to the jury to the effect that from the facts presented by the evidence as he appreciated them if the defendant was guilty of anything, he was not guilty of negligent homicide. It is counsel’s contention that this statement is at variance with the law making negligent homicide a responsive verdict to a charge of murder, regardless of the facts. Under Article 381 of the Code of Criminal Procedure, “Counsel may argue to the jury both the law and the evidence of the case, but must confine themselves to matters as to which evidence has been received, or of which judicial cognizance is taken, and to the law applicable to the evidence; and counsel shall refrain from any appeal to prejudice,” and it is the established jurisprudence of this state that “District attorneys are entitled to argue their cases to the jury with the same latitude as counsel for the defense.” State v. Genna, 163 La. 701, 112 So. 655, 661. See, also, State v. Horton, 151 La. 683, 92 So. 298; State v. Holbrook, 153 La. 1025, 97 So. 27; State v. Graziani, 168 La. 297, 121 So. 872; State v. Davis, 178 La. 203, 151 So. 78; and State v. Dallao, 187 La. 392, 175 So. 4.
 

 
 *25
 
 Bills of Exceptions Nos. 2 and 3, as previously pointed out, were reserved when the trial judge refused to charge the jury that verdicts of attempted manslaughter and attempted murder were responsive verdicts to a charge of murder and also refused to charge the jury with respect to the law covering these two crimes. In view of the holdings of this court in the cases of State v. Love, 210 La. 11, 26 So.2d 156, decided in April of 1946, and reaffirmed a few months later in the case of State v. Bray, reported in the same volume, 210 La. at page 573, 27 So.2d 337, the trial judge was justified in his rulings in these respects.
 

 However, counsel for defendant has presented such a convincing argument that our decisions in these two cases are not only contrary to the intention of the authors who drafted the Louisiana Criminal Code, the legislature that adopted it as Act No. 43 of 1942, and the established jurisprudence in numerous other states where similar statutes have been adopted (see 42 C.J.S., Indictments & Informations, page 1304, Sections 285 and 299; 1 Wharton's Criminal Procedure, 10th Ed., 356, Sec. 311; 7 Louisiana Law Review 127 and 311; and 21 Tulane Law Review 281) but are violative of the clear and unambiguous language of Articles 27 and 29 of the Louisiana Criminal Code and contrary to the holdings of this court with respect to other crimes than murder (State v. Ferrand, 210 La. 394, 27 So.2d 174, 167 A.L.R. 559; State v. Carter, 213 La. 829, 35 So.2d 747, that we have come to the conclusion we were in error in holding that an attempt to commit murder or manslaughter is not responsive to a charge of murder and the Love and Bray decisions in this respect will, consequently, have to be overruled.
 

 The error committed in these cases lies in the fact that the holding that “on an indictment for murder only verdicts of the lesser crimes of manslaughter and negligent homicide are permitted,” was based on the erroneous assumption that murder and attempt to commit murder are not generic offenses and that the lesser crime is not included in the greater, plus the erroneous conclusion with respect to the legislature’s intention in adopting Act No. 147 of 1942 amending and re-enacting Article 386 of the Code of Criminal Procedure to provide that “Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide.”
 

 The legislature -by its adoption- of Act No. 147 of 1942 clearly did not intend to modify or in any -way affect the”Sub stantive law of-this- state.- -Had it, then the act would be-null and of-no effect. See State v. Rodosta, 173 La. 623, 138 So. 124.
 
 *27
 
 This article was amended upon the recommendation of the Louisiana Law Institute for the sole purpose of adding the phrase “or negligent homicide” so that the procedural law in this respect would conform to the substantive law being adopted at this same session of the legislature as the Criminal Code, in which code, for the first time, negligent homicide was made one of the grades of homicide along with murder and manslaughter.
 

 In Article 27 of the new Criminal Code, an attempt to commit a crime is also made a crime. This article contains the specific provision that “An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.” Moreover, in the comment (which we are admonished to consider in construing the articles of the code, State v. Davis, 208 La. 954, 23 So.2d 801; State v. Truby, 211 La. 178, 29. So.2d 758; State v. Logan, 213 La. 451, 34 So.2d 921) to be found under Article 29 of the Criminal Code, wherein homicide is made a crime and is divided into the three grades of murder, manslaughter, and negligent homicide, is the observation that
 
 “under an indictment for any basic ■offense a conviction of the lesser crime of an attempt to commit such offense should be proper,”
 
 evidencing the fact that the intention of the drafters of the code is in accord with the views here expressed. (Italics ours.)
 

 The defendant, therefore, was entitled to have the jury charged as requested, for the Code of Criminal Procedure specifically' declares that “When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor.” Article 406, and Article 386, herein quoted above, makes it the mandatory duty of the judge to charge the jury with the law applicable to all of the offenses of which the accused can be found guilty under the indictment. The failure to do so, constitutes reversible error.
 

 For the reasons assigned, the conviction and sentence of the defendant are annulled and set aside and the case is remanded for a new trial according to law, consistent with the views herein expressed.
 

 O’NIELL, C. J., and HAMITER, J., taking no part.