**62 So.2d 83**

**STATE v. DARTEZ.**

**No. 40936.**

Nov. 10, 1952.

Rehearing Denied Dec. 15, 1952.

J. Minos Simon, Sr., Lafayette, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard J. Putnam, Dist. Atty., Abbeville, and J. Lyle DeBellevue, Asst. Dist. Atty., Crowley, for appellee.

FOURNET, Chief Justice.

Relic Dartez, following his conviction of being in possession of narcotics, and his sentence thereunder on May 13, 1952, to serve ten years at hard labor in the state penitentiary, forwarded, through his attorney and by mail, to the district judge on

May 19, 1952, a written motion for a suspensive appeal, with the request that he sign the original and forward it, together with copy, to the clerk of court in Vermilion Parish, where the trial had been held. This order was signed by the trial judge in chambers at Crowley, Louisiana, Acadia Parish, on May 21, 1952, and by him sent to the clerk in Abbeville, Louisiana, the parish seat of Vermilion. It was there filed on May 22, 1952. On May 27 following, the attorney representing the accused, through a letter addressed to the clerk, for the first time tendered to the trial judge sixteen bills of exceptions for filing after the judge had passed on them. The judge, entertaining doubt at the time he signed the motion for appeal that it had been properly made, since under the express provisions of Article 542 of the Code of Criminal Procedure, LSA–R.S. 15:542, an accused is given 10 days in which to appeal by motion in open court, refused, when the bills were presented to him, to act on or sign them for the reason that under the codal provisions and the jurisprudence of this court he was powerless to do so after the motion for the appeal had been granted.

Counsel for the accused then applied to this court for writs to compel the judge to sign the bills, contending, as he does here, that inasmuch as the judge granted him a reasonable time within which to prepare the bills he (the attorney) assumed, though no such request was made in the letter of transmittal, the judge would extend the time for the appeal and hold the motion for reading openly in court until after the bills had been received and passed on; in the alternative, since the motion was not made in open court, as required by law, there was no valid appeal and the accused was entitled to an additional delay of one day for every day after the tenth day the judge failed to act on the bills. These writs were refused with the notation that "The ruling complained of is correct. See Articles 499, 542 and 545 of the Code of Criminal Procedure; State v. Brown, 214 La. 18, 36 So.2d 624; and State v. McDonald, 218 La. 198, 48 So.2d 797 and the authorities there cited."

In due time the record was prepared by the clerk and filed here. The state then moved to dismiss the appeal on the ground (1) that it was illegal, having been granted in chambers instead of in open court, and (2) there are no valid bills before the court and, therefore, nothing to review.

Inasmuch as the motion of appeal was filed within the ten days provided by law, we will pretermit the question of the validity of the appeal, the position most favorable to the accused. However, since there are no errors patent on the face of the record and there are no valid bills, the conviction and sentence will be affirmed, it being the settled jurisprudence of this state that after an appeal has been granted the trial court is immediately divested of jurisdiction and any bills filed thereafter and presented to the judge for his signature and per curiam come too late and cannot

be considered on appeal. See, State v. Hauser, 112 La. 313, 36 So. 396; State v. Ruffin, 117 La. 357, 41 So. 647; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Barrett, 137 La. 535, 68 So. 945; State v. Young, 153 La. 605, 96 So. 275; State v. Cole, 161 La. 827, 109 So. 505; State v. Allen, 167 La. 798, 120 So. 372; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; and State v. Brown, 214 La. 18, 36 So.2d 624. The trial judge is without right or authority to extend the time within which the appeal may be taken.

For the reasons assigned, the conviction and sentence are affirmed.