See, also, Overby v. Beach, 220 La. 77, 55 So.2d 873 and authorities cited therein.

Accordingly, for the reasons assigned, the judgment appealed from is affirmed.

89 So.2d 367

**STATE of Louisiana**

**v.**

**Priscilla Lee RICHARD.**

No. 42985.

June 29, 1956.

Rolfe H. McCollister, Jack N. Rogers, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard Kilbourne, Dist. Atty., Clinton, for appellee.

SIMON, Justice.

The defendant was charged in a bill of information with being an accessory after the fact in that she aided her husband to escape from justice, knowing, or having

reason to know, that he had committed a felony.

On March 20, 1956, the defendant waived a trial by jury and was tried and adjudged guilty as charged by the judge of the district court. Whereupon, the defendant, through counsel, moved for a new trial on the basis that the evidence adduced at the trial was insufficient to convict her of the crime charged. The motion was denied and a bill of exception reserved to the said ruling.

On the same day, the 24-hour delay prior to sentence accorded the defendant by law being waived, the trial judge sentenced her to two years' imprisonment at hard labor in the Louisiana State Penitentiary. Upon sentence being pronounced, the defendant, through counsel, without having perfected the single bill of exception reserved, moved for an appeal, which was granted.

On April 5, 1956, the defendant, through counsel, submitted her bill of exception to the trial judge, who signed it and attached his per curiam. It is upon this bill of exception that defendant relies for reversal of her conviction and sentence.

Under our Code of Criminal Procedure [1] an accused shall make in open court a verbal or written motion for an appeal within ten judicial days after the rendition of the judgment complained of; provided, however, that if the trial judge has not acted upon the bills of exception before the expiration of the last day of said ten-day period, a defendant shall be entitled to an additional delay prescribed therein. In applying this rule we have consistently held that after an appeal has been granted, the trial court is divested of jurisdiction, and bills of exception thereafter presented for the judge's signature and per curiam come too late. Such bills are considered invalid before this court and present nothing for review, unless there are errors patent on the face of the record, which are totally absent in the instant case. See State v. Hauser, 112 La. 313, 36 So. 396; State v. Ruffin, 117 La. 357, 41 So. 647; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Barrett, 137 La. 535, 68 So. 945; State v. Young, 153 La. 605, 96 So. 275; State v. Cole, 161 La. 827, 109 So. 505; State v. Allen, 167 La. 798, 120 So. 372; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Brown, 214 La. 18, 36 So.2d 624; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Dartez, 222 La. 9, 62 So.2d 83; State v. Ware, 228 La. 713, 84 So.2d 56.

Accordingly, for the reasons assigned, the conviction and sentence are affirmed.

1. LSA–R.S. 15:542.