242 So.2d 535

**STATE of Louisiana**

**v.**

**Alex ASH.**

**No. 50534.**

Dec. 14, 1970.

Rehearing Denied Jan. 18, 1971.

Bernard J. Bagert, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Wilmore J. Broussard, Jr., Dist. Atty., Walter I. Lanier, Jr., Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Justice.

Alex Ash was charged in a bill of information with committing simple burglary of a building known as Mallett's Men's Wear in violation of R.S. 14:62. He pleaded not guilty and, after a trial commencing on February 12, 1970 and concluded on the following day, the jury returned a verdict of guilty. During this trial Ash, through his counsel, reserved fourteen bills of exceptions. On April 6, 1970 the trial judge sentenced him to serve six years in the Louisiana State Penitentiary and defendant, thereupon, filed a motion of appeal to this Court. The application was granted, the return date of the appeal being fixed for April 20, 1970 and appellant, on his prayer pursuant to Article 845 C.Cr.P.,

that he be given additional time for perfecting his bills of exceptions, was allowed until the day prior to the return date of the appeal (April 23, 1970) to perfect the bills of exceptions.

On April 20, 1970, the court reporter of the Seventeenth Judicial District Court filed the attachments to the formal bills of exceptions with the Clerk of Court for the Parish of Lafourche and, thereafter, the record was properly prepared by the clerk of said parish and filed in this Court on the return date, April 24, 1970. However, at the time the transcript was lodged here, the formal bills had not been perfected and were not attached to or made part of the record which was filed.

Subsequently, on May 26, 1970, a joint motion to remand was filed in this Court and presented to one of the justices (the writer of this opinion) for his signature. This joint motion, which was signed by the trial judge, the district attorney of the Seventeenth Judicial District of the Parish of Lafourche and counsel for appellant alleged that he had been convicted of simple burglary in the Parish of Lafourche; that he, through his attorney, reserved fourteen bills of exceptions during his trial which " * * * through inadvertence were not presented to the trial judge * * *" for dating and signing; and that said bills were forwarded to and filed in this Court " * * * undated and unsigned by the trial court." It was further stated it was neces-

sary that this Court order the case remanded " \* \* \* for the limited purpose of allowing the Bills of Exception to be presented to the trial court for dating and signing", and the appearers prayed accordingly.

The Justice of this Court, to whom the joint motion was brought, granted the request, signing an order that the case " \* \* \* be remanded for *the limited purpose* \* \* \*" of allowing the bills to be presented to the trial court for dating and signing, and the record was accordingly remanded to the clerk of the district court for this purpose.

Upon remand to the district court, the trial judge on August 19, 1970, almost three months later, signed and dated the formal bills of exceptions. And on the same day the judge granted, on motion of defense counsel, a second appeal to this Court, ordering that the record be filed here immediately.

When the record was returned to this Court, the case was fixed for argument on November 16, 1970. At that time, the State by brief and in oral argument objected to our consideration of the fourteen bills of exceptions, which had not been presented to the judge for his signature before the return date of the appeal pursuant to the original order of appeal and Article 845 of the Code of Criminal Procedure, notwithstanding the order of remand of the case to the trial court for the limited purpose of signing the bills on the joint motion of the trial judge, the State and appellant. Believing the contention might be well founded unless the consent of the State operated as a waiver of its right to raise the question, or unless· the order signed by a justice of this Court for such remand was valid, we requested that opposing counsel file supplemental briefs in the matter. Comprehensive briefs have been submitted for our consideration.

At the outset, we think it clear that, under specific provisions of the Code of Criminal Procedure, the failure of appellant to formally present his bills to the trial judge for his signature before the return date of the appeal (no request having been made for an extension thereof) would ordinarily preclude this Court from considering .the bills of exceptions. Article 920 C.Cr.P., State v. Flanagan, 254 La. 100, 222 So.2d 872 (1969).

Under our law no irregularity or error in the proceedings (save errors patent on the face of the record) can be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions reserved to the adverse ruling on the objection. Article 841 C.Cr.P. For appellate review not only was the taking of bills of exceptions necessary, it was also essential that such bills be perfected. Article 844(A) C.Cr.P. pertinently provides:

"A. The appellate court shall consider only *formal bills of exceptions which have been signed by the trial judge in conformity with Article 845.* In a case where the death sentence has been imposed, the appellate court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge." (Emphasis ours)

And Article 845, so far as applicable here, declares:

"The bills of exceptions reserved during the trial shall be submitted to the court and signed by it at any time prior to the granting of an order of appeal; except that if the bills of exceptions are not submitted and signed prior to the order of appeal the court *shall fix a later date for the submission and signing of bills of exceptions, which extended date must not be later than the return day for* the appeal. \* \* \*" (Emphasis ours)

In the case at bar, the judge granted the appeal pursuant to Article 915(A) C.Cr.P. and, in conformity with the provisions of the above-quoted emphasized phrase of Article 845, fixed a later date for the submission and signing of the bills of exceptions,

i. e., the day before the return day of the appeal, which return day was never thereafter extended.[1]

Article 916 C.Cr.P. provides in substance that *the jurisdiction of the trial court is divested and that of the appellate court attaches when the order of appeal is entered,* and that the trial court has no jurisdiction over the matter except for certain enumerated purposes, among which are the extension of the return date of the appeal or the time for filing and signing bills of exceptions, or to receive and sign bills or render any interlocutory order concerning a ministerial matter not in controversy on appeal. Manifestly, this article must be read in connection with the other articles to which we have hereinbefore referred. Of special importance is Article 920 C.Cr.P. which limits the scope of appellate review to two matters only, viz:

"(1) Formal bills of exceptions that have been submitted to and signed by the trial court *in accordance with Article 845,* \* \* \* and

"(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without

---

1. Article 915(A) C.Cr.P. prescribes in part that, upon motion conformably with Articles 912 and 914:

"\* \* \* the court shall order an appeal and set the return date in the order. If the bills of exceptions are not submitted and signed prior to the date of the order of appeal, the court shall set a date not later than the return date for the submission and signing of bills of exceptions *in accordance with Article 845.* When a motion for an appeal has been timely filed, the appeal shall not be affected by any fault or omission on the part of the trial court." (Emphasis ours)

inspection of the evidence." (Emphasis ours)

In view of the foregoing, it is seen that the bills herein signed after the return date of appeal were illegally perfected unless the joint motion for a remand granted by one justice of this Court was authorized or unless it can be said that the State, in joining in the application for this order, has waived its right to now contend that the order was improvident.

■ Prescinding for the moment the answer to these questions, we observe that the second order of appeal granted on August 19, 1970 was completely unauthorized either by the order of remand or in law. Suffice it to say there can be only one appeal.

■ We are also of the opinion that the order of remand was likewise, *under the facts of this case*, improvident, illegal and hence without effect. Counsel for appellant suggests that the justice who signed the order was vested with authority to grant the joint motion for remand under Section 2 of Article 7 of the Louisiana Constitution. The applicable portion of that section reads:

"Section 2. The Supreme Court, the Courts of Appeal, and each of the judges thereof *subject to review by the court of which he is a member*, * * * may issue writs of habeas corpus, * * * and may also, in aid of their respective juris-

dictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, *orders* and process * * *." (Emphasis ours)

Obviously, appellant's proposition is without merit for orders by an appellate judge or justice are made "subject to review by the court of which he is a member." A judge or justice has no authority to render an order contrary to the law and, as we have hereinabove determined, the order under discussion was improvidently granted and without legal effect.

■ And we likewise deduce that the joinder of the district attorney with the trial judge and appellant in the motion for remand could not effect a waiver of the rights of the sovereign state. Inasmuch as the order was illegal, so too was the action of the district attorney in joining in the request for a remand to enable the court to consider imperfected bills in violation of the procedural provisions of our law. Indeed, in a case somewhat similar to the one at bar, the court strongly intimated that the implied consent of the district attorney to the consideration of such bills as presented here could not be sanctioned.

In State v. Ware, 228 La. 713, 84 So.2d 56 (1955) a matter decided under the provisions of the 1928 Code of Criminal Procedure, the defendant, having been adjudged guilty and sentenced to serve thirty

days in the parish jail, immediately following the imposition of sentence orally moved for a suspensive appeal, which was granted without defendant having perfected the bills of exceptions reserved during the course of trial. Under Article 542 of the 1928 Code of Criminal Procedure, appellant was required prior to sentence to have his bills of exceptions settled and signed by the judge, and it had been consistently held that after an appeal was granted the trial court is divested of jurisdiction and the bills of exceptions thereafter presented for the judge's signature and per curiam come too late.[2]

However, as noted by the opinion in the Ware case, the district attorney, although taking cognizance of the invalidity of the bills, stated that he had no objection to our considering "their respective merits should

we desire to do so." But the Court declined to consider the bills, viewing the matter as jurisdictional and concluding "it necessarily follows that the jurisdiction of this Court cannot be conferred or bestowed by consent of the parties or by the failure or waiver of any objection thereto."

While we believe that the Court's classification of the failure to perfect the bills of exceptions as jurisdictional was ill advised,[3] the view we entertain herein compels the same result. We conclude that the district attorney in this case was without authority to waive the mandatory provisions of positive law.

Since we are unable to consider the bills and since an examination of the record fails to disclose any error patent on the face thereof, the conviction and sentence appealed from are affirmed.

2. The following cases were cited by the Court:
"State v. Hauser, 112 La. 313, 36 So. 396; State v. Ruffin, 117 La. 357, 41 So. 647; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Barrett, 137 La. 535, 68 So. 945; State v. Young, 153 La. 605, 96 So. 275; State v. Cole, 161 La. 827, 109 So. 505; State v. Allen, 167 La. 798, 120 So. 372; State v. Carlson, 192 La. 501, 188 So. 155; State v. Calvin, 209 La. 257, 24 So.2d 467; State v. Brown, 214 La. 18, 36 So.2d 624; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Dartez, 222 La. 9, 62 So.2d 83."

3. The fact that the bills were not perfected, due to the failure of appellant to present them prior to the return date as ordered, was not jurisdictional. For, since the appeal was timely filed, the jurisdiction of the Court had vested. However, the failure to have the bills signed prevented the Court from considering them as appellant did not comply with the mandatory provisions of law. Indeed, the Court was required to undertake an inspection of the record and determine whether there were any errors patent on the face thereof.