PER CURIAM
■Through-habeas corpus proceedings the defendant; Donald Harris, was granted an out of time appeal from ■ a conviction of aggravated burglaryLa.R.S. 14:60, for which he was sentenced to serve twenty years at hard labor in the State Penitentiary.
No Bills of Exceptions were reserved by counsel for the defendant during the course of the trial. The public defender appointed to assist the defendant in pursuing his out of time appeal filed one Bill of Exceptions with the trial court. Because the error alleged does not pertain to a Bill of Exceptions reserved during the course of the trial, the trial judge refused to sign it.
Consequently, as no Bills of Exceptions have been perfected, we are limited on appeal to a review of the pleadings and proceedings for discoverable error. La.C.Cr.P. art. 920; State v. Ash, 257 La. 337, 242 So.2d 535 (1971). We find none.
The bill of exceptions reserved is not before us as there was no ruling by which the defendant could reserve a bill. However, even if we were to treat the bill of exceptions as a Motion for a New Trial, which alleges essential elements of the crime of aggravated battery were not proven during the defendant’s trial, we would be forced to conclude it is without merit.
The facts developed in the testimony .show that the defendant was surprised while he was in the dwelling of Mrs. Toisón, the victim, without authority. The defendant threw Mrs. Tolson to the floor, dumped the contents of her purse, out. taking $28.00 therefrom, forced her to give *26 him other money she had hidden in the house, then tried to force her onto the bed in her bedroom, and was in the act of unzipping his pants when Mrs. Tolson’s husband returned home. Mrs. Tolson grabbed the defendant upon realizing her husband had returned home, and between herself and her husband, they were able to subdue and hold the defendant until the police arrived.
There is evidence of every essential element of the crime of aggravated burglary. There is evidence that the defendant did make an unauthorized entry of an inhabited dwelling and did commit a battery upon the person of Mrs. Tolson. We are forbidden to pass upon the weight and sufficiency of the evidence.
For these reasons, the conviction and sentence are affirmed.