PER CURIAM.
The defendant, Charles Monroe, Jr., was granted an out of time appeal from his jury conviction of armed robbery, La.R.S. 14:64, for which he was sentenced to serve thirty years in the State Penitentiary. In pursuing this appeal, he relies upon one bill of exceptions.
This bill pertains to the denial of a motion for new trial. The motion alleged a new trial should be granted because of the incompetence and ineffectiveness of trial counsel. No bills of exceptions were reserved during the trial, and therefore the defendant’s appellate counsel further contends in his motion for new trial that an appeal to this Court would be meaningless under the circumstances.
The errors asserted by the defendant cannot be reviewed by this Court on appeal as they were not objected to during the trial, nor were bills of exceptions reserved. La.C.Cr.P. art. 841. We are therefore limited on appeal to a review of the pleadings and proceedings for discoverable error. La.C.Cr.P. art. 920; State v. Ash, *34 257 La. 337, 242 So.2d 535 (1971). We find none.
The appropriate remedy for contentions such as those presented by the defendant is through habeas corpus proceedings. See State v. Washington, 261 La. 684, 260 So. 2d 668 (1972).*
For the above stated reasons, the conviction and sentence are affirmed.

 In State ex rel. Monroe v. Henderson, 259 La. 686, 251 So.2d 381 (1971), the present defendant’s writ of habeas corpus, in which he voiced the same objections as ' he alleges on this appeal, was refused by this Court for the reason that, “The showing made is insufficient to warrant the exercise of our original or supervisory jurisdiction.”