274 So.2d 693 (1973)
STATE of Louisiana
v.
Mervin PAYNE.
No. 53037.
Supreme Court of Louisiana.
March 8, 1973.
Coxe & Coxe, James R. Coxe, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty., Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Mervin Payne was tried by a jury and found guilty as charged of murder and sentenced to death. La.R.S. 14:30. He appeals this conviction and sentence.
Although the defendant's trial attorney reserved four bills of exceptions and the trial transcript of the testimony was made available some time in October, 1971, notwithstanding several extensions of the return date (until December, 1972) within which to perfect the bills of exceptions, no bills were in fact perfected as required by La.C.Cr.P. 845, which states that "bills of exceptions reserved during the trial shall be submitted to the court and signed by it * * *," within specified time periods.
We are limited on such an appeal to a review of the pleadings and proceedings for discoverable error. La.C.Cr.P. art. 920; State v. Ash, 257 La. 337, 242 So.2d 535 (1971). Nor can we consider those bills of exceptions reserved during the proceedings[1], but which were never formally prepared under La.C.Cr.P. art. 844(A)[2]. The appellate court may consider only bills not timely signed by the trial judge in capital cases.
There is one other matter which remains for disposition in this case. That is, in accordance with our decision in State v. Franklin, 263 La. 344, 268 So.2d 249 *694 (1972), the death sentence imposed upon the defendant is reversed, annulled and set aside, and the case is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge with instructions to the trial judge to sentence the defendant to life imprisonment.
For the reasons assigned herein, the conviction is affirmed, and the case is remanded to the district court for resentencing.
NOTES
[1] The four bills of exceptions reserved during the trial at R-188, 196, 249 and 251, pertain to alleged error in trial court's rulings pertaining to Miranda warnings and the playing of a taped statement by defendant before the jury.
[2] The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845. In a case where the death sentence has been imposed, the appellate court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge.