DOUCET, Judge.
QUESTION OF TIMELINESS OF APPEAL
Defendant, Maverick Harmon, was convicted of second degree murder on October 19, 1982. He was sentenced to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence on October 26, 1982. Subsequent to the filing of this appeal, an order to show cause was issued ordering defendant to show why his appeal should not be dismissed as having been untimely perfected under LSA-C. Cr.P. art. 914.
This article requires:
A motion for an appeal may be made orally in open court or by filing a written motion with the Clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the Court.
Defendant was sentenced on October 26, 1982; however, he did not move for an appeal of his conviction until November 5, 1982. This time delay is beyond the five (5) day requirement established by the Legislature in article 914.[1] Thus, the appeal has not met the requirements of this article.
In reply to the order to show cause, the defendant argues that the counsel for the defendant relied upon the notice given by the trial court that there would be a fifteen day delay in which to file the motion for an appeal. The following is taken from the record:
THE COURT: Okay. We had set sentencing for this morning.
Based on the findings of the jury, the Court sentences the defendant, Maverick Harmon, to life imprisonment at hard labor with the Department of Corrections, without the benefit of probation, parole, or suspension of sentence. I understand if there is a motion for appeal to be filed, that would have to be done by Mr. Edwards or—
MR. DEBLANC: Within fifteen (15) days.
*236 THE COURT: All right. Court is adjourned.
It is contended that the above colloquy actually amounts to a grant by the trial court to an extension of time. Regardless of the construction we put on the colloquy, the trial judge would not have had the right or authority to extend the time within which the appeal may be taken. State v. Dartez, 222 La. 9, 62 So.2d 83 (La.1953). Therefore, the defendant’s reply to the order to show cause is without merit.
The proper course of action would have been for the defendant to have applied to this Court for an out-of-time appeal. Uniform Rule 3-2.1 of the Courts of Appeal provides:
In a criminal action, a defendant who, without fault, has failed to timely take an appeal may, by written motion supported by affidavit, apply to the court for an order permitting the taking of a delayed or out-of-time appeal.
However, the defendant has not applied to this court for an out-of-time appeal.
Inasmuch as the defendant’s motion for an appeal was untimely perfected under the requirements of LSA-C.Cr.P. art. 914, it should be dismissed.
APPEAL DISMISSED. UNTIMELY FILED.
ORDER
After due consideration, IT IS HEREBY ORDERED that the motion of defendant-appellant, Maverick Harmon, for a delayed appeal be granted. IT IS FURTHER ORDERED that the defendant’s application for rehearing be denied.

. Acts 1982 No. 143 amended LSA-C.Cr.P. art. 914. Prior to the amendment, article 914 imposed a fifteen day requirement for filing a motion for appeal. The effective date of the amendment to article 914 was September 10, 1982; thus, the amendment was in effect at the date of the defendant’s sentencing.