(63 South. 599.)

No. 20,269.

STATE v. CARREROT.

In re CARREROT.

(Dec. 1, 1913.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§§ 1069, 1081*)—MOTION FOR APPEAL — WHAT CONSTITUTES — PREMATURELY.

A notice from defendant's counsel, before sentence is pronounced, that he will appeal from the ruling of the court, is not a motion for appeal, either verbal or in writing; and, if it could be construed to be a motion, it was prematurely made, and could not have been granted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2691–2699, 2722–2724, 2962; Dec. Dig. §§ 1069, 1081.*]

Jean Baptiste Carrerot was convicted of crime and applies for writs of certiorari, mandamus, and prohibition. Application denied.

John D. Nix, Jr., of New Orleans, and Wallace A. Nunez, of St. Bernard, for applicant. R. G. Pleasant, Atty. Gen., N. H. Nunez, Dist. Atty., of St. Bernard, O. S. Livaudais and F. Estopinal, both of New Orleans, F. A. Ahrens, of St. Bernard, and G. A. Gondran, Asst. Atty. Gen., for the State.

SOMMERVILLE, J. Relator, alleging that he had appealed from the judgment rendered against him, and that the judge of the district court refuses to sign an order of appeal, invoked the supervisory jurisdiction of this court, and he asks that writs of mandamus, prohibition, and certiorari be directed to said judge, and that he be prohibited from further proceeding in this cause until the further orders of this court.

The trial judge makes answer that the defendant did not move for an appeal, that he has not ordered an appeal, and that he cannot therefore sign such an order.

Defendant has filed the transcript of the case in this court, under the number 20,268, without an order of appeal. The transcript sustains the statement of the trial judge, to the effect that no motion of appeal, verbal or in writing, was made in the district court. It would appear from the record that, on the overruling of the motion for a new trial, the following notice was given:

"Counsel for the accused gives notice to the court of an appeal being taken on the bills of exception reserved during the progress of the trial, and on the bill of exception reserved to the overruling of the motion for a new trial."

But it also appears, as stated by the trial judge, that the notice of appeal, if it can be

construed into a motion for an appeal, was given before sentence was pronounced. It was therefore prematurely made, and was without effect.

The minutes of the court in the case show that, after the motion for a new trial had been overruled:

"The accused, Jean Baptiste Carrerot, was then asked by the court if he had anything to say why sentence of court should not be passed upon him; to which he asked the court to be lenient.

"Whereupon the court, considering the verdict of the jury rendered in the case, sentenced the said Jean Baptiste Carrerot to serve at hard labor in the state penitentiary for a period of fifteen years.

"And there being no further business, the court adjourned."

The clerk certifies that the transcript is a true and correct extract from the minutes of the court, and that conclusively shows that nothing was done by, or on behalf of, the defendant, after sentence had been pronounced against him. He did not move for an appeal, and the court cannot therefore order the respondent judge to sign an order for an appeal.

The order heretofore issued herein is now recalled; and relator's application for writs of mandamus, prohibition, and certiorari is denied, at his cost.