102 So.2d 862

STATE of Louisiana

v.

Granville YAUN.

No. 44039.

May 26, 1958.

Sam J. D'Amico, Baton Rouge, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ferd C. Claiborne, Dist. Atty., New Roads, T. C. Strickland, Jr., Port Allen, for respondent.

SIMON, Justice.

Relator, Granville Yaun, was indicted on September 10, 1945, charged with the murder of Gladys Galloway Billingsly on or

about June 2, 1945. On being called for arraignment to the said indictment a plea of present insanity was filed on behalf of the accused and pursuant thereto a lunacy commission was appointed by the court to examine the said accused and report its findings to the court concerning his present mental status. Subsequent to a hearing the accused was adjudged insane and unable to understand the nature of the proceedings against him or to assist his counsel in his defense. He was ordered committed to the East Louisiana State Hospital where he remained until another sanity hearing at the request of the State was held in this matter on April 21, 1954, resulting in the relator again being adjudged insane and ordered recommitted to the said mental institution. A third sanity hearing on motion of defense counsel was held on June 20, 1956, resulting in the relator being declared sane and ordered confined in the parish jail to await trial.

Upon arraignment on December 3, 1956 relator entered a plea of "not guilty". The case was set for trial for February 4, 1957, the trial held and, the jury being unable to arrive at and reach a verdict, the trial judge ordered a mistrial and the accused returned to the custody of the sheriff. The case was ordered reset for trial on December 2, 1957 and, due to the unavailability of one of relator's witnesses, continued for trial on January 27, 1958.

On December 19, 1957, on motion of the District Attorney, another lunacy commission was appointed by the court to again examine relator for the purpose of determining his present mental condition. After a hearing on the findings of the physicians appointed to act on said commission by judgment and order of the court dated March 26, 1958, relator was declared and adjudged presently insane and incapable of understanding the nature of the charges against him and assisting counsel in his defense, and was ordered committed to East Louisiana State Hospital, subject to further orders of the court.

Upon motion by counsel for relator, the district court granted an appeal returnable to this Court, on or before June 2, 1958. Counsel for relator thereupon objected to the lower court's order committing relator to the East Louisiana State Hospital *pending further orders of said court,* and formally informed the said district court of his intention to immediately apply to this Court for the issuance of writs of certiorari, review, mandamus and prohibition coupled with an order staying all proceedings pending the final rendition of judgment on the appeal so taken. The district judge overruled the objection and ordered the said relator committed to the East Louisiana State Hospital in conformity with his order and judgment so rendered.

Upon application filed in behalf of relator, we granted supervisory writs with a

stay order commanding the district court to stay the execution of the judgment.

 Hence, the sole question before us is whether the execution of the order committing relator to the East Louisiana State Hospital should be suspended until final disposition of the appeal granted by the lower court. The State concedes that the relator is entitled to an appeal from the judgment declaring him presently insane, but contends that the order directing relator to be committed to a mental hospital after a finding of present insanity is not a sentence which should be suspended by the appeal.

In State v. Hebert, 187 La. 318, 174 So. 369, we held that where the only issue involved relates to the defendant's present mental status a judgment rendered by a trial court adjudging the defendant to be presently insane is a final judgment because it finally disposes of the only issue involved. Not only is this a final judgment in that respect but it is highly prejudicial to an accused because it deprives him of his liberty. While LSA–R.S. 15:267 is silent about an appeal from a judgment decreeing one to be presently insane, and rendered before a trial on the merits, we held that an appeal lies from such a judgment.

The pertinent part of LSA–R.S. 15:540 reads: "* * * The prosecution and the defense have each the right in an appealable case to appeal from the final prejudicial judgment."

LSA–R.S. 15:539 provides for the only kind of appeal allowable in criminal cases, as follows: "No other than a suspensive appeal is allowable in any criminal case."

LSA–R.S. 15:545 provides: "After an appeal has been granted no further action in the case can be taken by the trial judge; provided, that as to ministerial matters or matters not in controversy on appeal, the trial court may render interlocutory orders and definitive judgments."

A suspensive appeal as distinguished from a devolutive appeal is one which stays execution of the judgment appealed from. Brock v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829.

In general, under the law governing appeals, the perfecting of an appeal divests jurisdiction of the court rendering the judgment appealed from.

The suspensive appeal prevents all further proceedings in the trial court in the suit in which the judgment, order or decree is rendered or made, except such as are necessary to preserve the rights of the party. A suspensive appeal terminates the authority of the court below to take any action which amounts to an execution or enforcement of the judgment. The said judgment is not vacated or set aside by the suspensive appeal, but stays execution of all further proceedings until definitive judgment be rendered by the appellate court.

In the case of State v. Richard, 230 La. 853, 89 So.2d 367, and cases therein cited, we recognized and held that after an appeal has been granted the trial court is divested of jurisdiction.

In the case at bar relator having taken and perfected a suspensive appeal from the judgment rendered by the lower court, said court was thereby legally divested of all jurisdiction over the matters covered by and involved in the suspensive appeal, and jurisdiction over these phases of the controversy thereby became vested in this Court.

It follows that the district court is without jurisdiction to execute the judgment rendered on March 26, 1958 committing the relator to the East Louisiana State Hospital and it is now ordered that the execution of said order be stayed and suspended until final disposition, by this Court of the issues presented by the appeal.

Accordingly, for the reasons assigned, the writs herein issued are made peremptory; and it is hereby ordered, adjudged and decreed that the judgment of the lower court ordering the commitment of the relator to the East Louisiana State Hospital at Jackson, Louisiana, be and the same is hereby stayed and suspended until final and definitive judgment is rendered by this Court on the present pending appeal of relator.