125 So.2d 164

EXTRADITION PROCEEDINGS

v.

Marjorie L. PALMER.

No. 45176.

Dec. 12, 1960.

William N. Landry, Jr., Gretna, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., New Orleans, Roland J. St. Martin, Asst. Dist. Atty., LaPlace, for appellee.

HAWTHORNE, Justice.

This is an appeal from a judgment of the district court ordering that Marjorie L. Palmer "be delivered to the proper authorities for extradition to the State of Texas".

Under the conclusion we have reached in this matter, only a brief statement of facts is necessary. Pursuant to requisition made by the Governor of the State of Texas setting forth that appellant had been indicted in that state for the crime of burglary and that she was a fugitive from justice of that state, the Acting Governor of the State of Louisiana issued his warrant for her arrest and delivery to the authorities of the State of Texas. Appellant was arrested and taken into custody under this warrant, and upon her refusal to return to Texas she was granted a hearing in open court. After the hearing the district court ordered her delivered to the Texas authorities for extradition to that state. She then applied for and was granted a suspensive appeal to this court.

We do not have appellate jurisdiction of this case, and, as it is our duty to do, we take notice of this fact ex proprio motu. See State v. Newman, 216 La. 236, 43 So.2d 593; State v. Ware, 228 La. 713, 84 So.2d 56; In re Crotty's Succession, 235 La. 1032, 106 So.2d 459.

Under Article 7, Section 10, of our Constitution this court is vested with appellate jurisdiction in criminal cases in which the penalty of death or imprisonment at hard labor may be imposed or in which a fine exceeding $300 or imprisonment exceeding six months has been actually imposed. This court's appellate jurisdiction under this constitutional provision is of cases in which the penalty is imposed or may be imposed under the laws of this state; certainly this provision has no reference to a penalty that is actually imposed or may be imposed under the laws of another state.

Moreover, if it should be argued that extradition is not, strictly speaking, a criminal matter, no other provision of Article 7, Section 10, would give this court appellate jurisdiction of this case.

Under these circumstances the remedy, if any, in such cases is to invoke our supervisory jurisdiction.

For the reasons assigned the appeal is dismissed.