NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA08-1252

STATE OF LOUISIANA

VERSUS

TERRANCE K. BENOIT

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-CR-1005
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Hon. J. Phillip Haney
District Attorney - 16th JDC
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

Mary Constance Hanes
Louisiana Appellate Project
450 Lowerline Street
New Orleans, LA 70118
(504) 866-6652
COUNSEL FOR APPELLANT:
    Terrance K. Benoit

**Painter, Judge.**

On November 15, 2004, Defendant, Terrance K. Benoit, pled guilty to fifty-eight counts of pornography involving juveniles, in violation of La.R.S. 14:81.1. On December 20, 2005, the sentencing court ordered Defendant to serve two years at hard labor on each count, consecutively.

Since his convictions and sentences became final, Defendant has filed numerous pleadings both with the district court and with this court. On March 6, 2008, Defendant filed a "Motion for Recusation of Judge from Cause CR-04-1005" with the district court. In response, the trial court conducted a hearing on April 23, 2008, and, for reasons stated, denied Defendant's motion on the same date.

On May 12, 2008, Defendant filed a "Pro Se Motion of Writ of Appeal" with the district court. The trial court, on May 22, 2008, granted relief by issuing an "Order of Appeal" and appointing the Louisiana Appellate Project to represent Defendant. Defendant subsequently lodged an appeal record with this court.

On October 14, 2008, this court issued an "Order" requesting Defendant to show cause why the appeal should not be dismissed as the judgment at issue is a non-appealable judgment under La.Code Crim.P. art. 912. Defendant responded by filing a brief containing arguments that, because no other pleadings were pending before the court at the time of the ruling on Defendant's motion to recuse, the matter was a final appealable judgment. Defendant stated, however, it is possible to construe his motion to recuse as a request to remove the trial judge from presiding over any future post-conviction matters in Defendant's case.

The Louisiana Code of Criminal Procedure sets forth what judgments a criminal defendant may appeal:

1

A. Only a final judgment or ruling is appealable.

. . . .

C. The judgments or rulings from which the defendant may appeal include, but are not limited to:

(1) A judgment which imposes sentence;

(2) A ruling upon a motion by the state declaring the present insanity of the defendant; and

(3) Repealed by Acts 1968, No. 146, § 1.

La.Code Crim.P. art. 912.

When it revised this article in 1966, the Louisiana Legislature commented that a defendant may only appeal from his conviction, sentence, any ruling declaring the defendant presently insane, or any other ruling resulting in a penalty:

> (c) The Louisiana Supreme Court has ruled that an appeal cannot be taken by the defendant except from a conviction and sentence. *State v. Carrerot*, 133 La. 487, 63 So. 599 (1913); *State O'Neal*, 138 La. 977, 70 So. 1011 (1916); *State v. Fried*, 152 La. 710, 94 So. 327 (1922); *State v. LeBlanc*, 160 La. 1053, 108 So. 87 (1926). Numerous preliminary rulings are appealable by the state that are not appealable by the defendant, since such decisions end the case. The situation is not the same as to the defendant, however, because he can use a bill of exceptions to preserve his rights and then proceed with the trial. Where interlocutory rulings made by the trial court may cause irreparable injury to the defendant, he has the right to apply for a writ of certiorari to review the interlocutory rulings. *State v. Moore*, 140 La. 281, 72 So. 965 (1916); *State v. Doucet*, 199 La. 276, 5 So.2d 894 (1942).

> (d) The right of the defendant to appeal from a ruling upon a motion by the state declaring him presently insane, conforms with *State v. Hebert*, 187 La. 318, 174 So. 369 (1937), and *State v. Yaun*, 235 La. 105, 102 So.2d 862 (1958). After commitment of the defendant, the remedy for an adverse ruling upon his motion for release is supervisory writs, rather than appeal. Otherwise, the supreme court would be harassed by multiplicity of periodic appeals by committed defendants.

> (e) The Louisiana Supreme Court held, in *Extradition Proceedings v. Palmer*, 240 La. 784, 125 So.2d 164 (1960), that its criminal appellate jurisdiction, as defined in Const. Art. VII, § 10, could only be asserted in cases where a penalty was or could be imposed under the laws of this state. Since no penalty under Louisiana law can be imposed in an extradition proceeding, the supreme court took notice of

2

its lack of appellate jurisdiction, and concluded that a party's "remedy, if any, in such cases is to invoke our supervisory jurisdiction." In *State v. Hughes*, 157 La. 652, 102 So. 824 (1925), the Louisiana Supreme Court exercised its supervisory jurisdiction, under Const. Art. VII, § 10, to review the action of a trial judge in ordering the discharge of a prisoner on the ground that the extradition papers were not properly authenticated. Thus, neither party has a right of appeal from an extradition order or ruling, but either may invoke the discretionary supervisory jurisdiction of the supreme court.

1966 Official Revision Comments (c)-(e).

A recusal proceeding does not result in a penalty imposed, and a ruling on a motion to recuse does not constitute a conviction, sentence, or finding of insanity. Thus, a ruling on an inmate's post-conviction motion to recuse is a non-appealable judgment; hence, this appeal is dismissed.

Instead, applications for supervisory review are the proper vehicle to seek review of such rulings:

C. (1) In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.

La.Code Crim.P. art. 912.1(C).

Accordingly, Defendant is hereby permitted to file a proper application for supervisory review, in compliance with Uniform Rules—Courts of Appeal, Rule 4-3, within thirty days from the date of this decision. Defendant is not required to either file a notice of intent to seek writs or obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

On November 17, 2008, Defendant filed a supplemental brief with this court asking this court to construe the motion for appeal as a motion for and appeal of his conviction and sentence if this court found that the ruling of which he was seeking

3

review was a non-appealable judgment. Defendant filed his "Pro Se Motion of Writ of Appeal" on May 12, 2008, and his convictions and sentences became final in January 2006, which means the pleading was filed with the district court after the lapse of two-year period for seeking post-conviction relief. As Defendant did not allege any exceptions to the time limitation as set forth in La.Code Crim.P. art. 930.8, Defendant's "Pro Se Motion of Writ of Appeal" was untimely; therefore, Defendant is not currently entitled to appeal his convictions and sentences even if this court considers his "Pro Se Motion of Writ of Appeal" to be a application for out-of-time appeal. *See State v. Celestine*, 04-1130 (La.App. 3 Cir. 2/2/05), 894 So.2d 1197, *writ denied*, 05-1401 (La 2/17/06), 924 So.2d 1001.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

4