CELIUS GRAY                                    NO. 24-K-572

VERSUS                                         FIFTH CIRCUIT

FIFTH CIRCUIT COURT OF APPEALS                 COURT OF APPEAL

                                               STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                           January 07, 2025

                           Linda Wiseman
                           First Deputy Clerk

**IN RE** CELIUS GRAY

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 20-5560

---

Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED IN PART, DENIED IN PART; MOTIONS FOR STAY DENIED**

Relator, Celius Gray, has filed an "Emergency Petition for Supervisory Review of trial court's ruling of mental examination of unrestorable incompetence And Or Final Disposition," wherein he appears to seek review of a trial court ruling that he is incompetent to stand trial and which orders him transported to the state mental facility in Jackson, Louisiana. He also filed two motions for stay in this Court, where he seeks a stay of his transport to the state mental facility pending rulings on his various motions for habeas corpus, filed in the trial court on March 14, 2024 and July 16, 2024, as well as an additional habeas request filed in the trial court on November 21, 2024, which the trial court has not acted upon.

By way of background, this Court noted the following relevant facts and procedural history from relator's official record, in *Gray v. Fifth Circuit Court of Appeal*, 24-461 (La. App. 5 Cir. 10/16/24) (unpublished writ disposition):

On March 14, 2024 and July 16, 2024, relator filed motions for writ of habeas corpus with the trial court. On August 6, 2024, relator filed a writ application seeking mandamus relief from this Court, because the trial court had not ruled on these motions. On August 20, 2024, in *Gray v. Lopinto*, 24-354 (La. App. 5 Cir. 8/20/24), 2024 WL 3880773 (unpublished writ disposition), this Court granted the writ application for the limited purpose of ordering the trial court to rule on relator's motions for writ of habeas corpus, or to provide reasons to this Court why it cannot rule on the motions, within 15 days.

In the present writ application, relator seeks mandamus relief for enforcement of this Court's August 20, 2024 order, arguing the trial court has failed to comply with it. However, the record shows that on September 18, 2024, the trial court held a competency hearing and, at the conclusion of the hearing, the trial court ordered that relator be re-evaluated by Dr. Richard Richoux, an expert in forensic psychiatry. The Court also scheduled another hearing in the competency proceedings for October 16, 2024.

As we pointed out in our August 20, 2024 disposition in *Gray*, "[w]hen the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." La. C.Cr.P. art. 642. The proceedings shall be suspended once the court finds the defendant incompetent. La. C.Cr.P. art. 648(A).

Because relator was previously found incompetent and another hearing on his competency is currently pending, relator is not entitled to mandamus relief at this time. A ruling on relator's competency will determine whether the trial court must rule on his outstanding motions.

The aforementioned competency hearing scheduled for October 16, 2024 was continued at the defense's request until November 13, 2024. At the hearing, on the showing made, the trial court ruled that relator was incompetent to stand trial. In an order entered the next day, relator was committed to the custody of the La. Department of Health to be maintained at the Eastern Louisiana Mental Health System at Jackson, Louisiana, upon the hospital's confirmation of available bed space.[1]

---

[1] According to Inmate Search, it appears that relator is still at JPCC as of the date of this disposition.

To the extent relator appears to seek review of the ruling of November 13, 2024, finding him incompetent to stand trial, this ruling is a final, appealable judgment. La. C.Cr.P. art. 912(C)(2) states:

> (C) The judgments or rulings from which the defendant may appeal include, but are not limited to: …
>
> (2) A ruling upon a motion by the state declaring the present insanity of the defendant; …[2]

Accordingly, we grant the writ for the limited purpose of transferring relator's "Emergency Petition for Supervisory Review" to the district court for consideration as a motion for appeal regarding the competency ruling of November 13, 2024.

Regarding relator's requests to stay his transport pending rulings on his habeas motions in the district court, we find that relator is not entitled to the relief sought. Pursuant to La. C.Cr.P. art. 642, when the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. La. C.Cr.P. art. 642. Accordingly, the trial court was without authority to rule on relator's pending habeas motions of March 14, 2024 and July 16, 2024 prior to the competency hearing and ruling of November 13, 2024. Due to the suspension of relator's proceedings under La. C.Cr.P. art. 648(A), after the finding of incompetency on November 13, 2024, the trial court is without authority to rule on them now or the subsequently filed one of

---

[2] A judgment adjudicating defendant presently insane and committing him to a hospital for the insane until restored to sanity was an appealable "final judgment" since it disposed of the only issue in a proceeding relating to defendant's mental status. *State v. Hebert*, 187 La. 318, 174 So. 369 (La. 1937), and *State v. Yaun*, 235 La. 105, 102 So.2d 862 (1958). Official revision comments to La. C.Cr.P. art. 912 (1966) state: "After commitment of the defendant, the remedy for an adverse ruling upon his motion for release is supervisory writs, rather than appeal. Otherwise, the supreme court would be harassed by multiplicity of periodic appeals by committed defendants." Relator has not filed a "motion for release," but has requested review of the competency ruling.

November 21, 2024.[3]  Consequently, relator is not entitled to the relief he seeks.

Accordingly, the writ application is denied in this regard.

Gretna, Louisiana, this 7th day of January, 2025.

**JGG**
**SUS**
**TSM**

---

[3] *State v. Yaun*, *supra*, n.2, suggests that a motion for stay of transport would be appropriately filed if defendant's motion for appeal is granted.  That opinion held that execution of an order committing the defendant to a mental hospital is suspended pending final disposition of an appeal from a judgment declaring the defendant presently insane.  *State v. Yaun*, 235 La. at 111, 102 So.2d at 864 (La. 1958).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/07/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-K-572**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Celius Gray #1000677028 (Relator)
Jefferson Parish Correctional Center
P. O. Box 388
Gretna, LA 70054